1    WO                                                                        KAB

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9    Arjan Singh,                              No. CV 14-01354-PHX-SPL (BSB)

10                   Petitioner,

11   vs.                                       **ORDER**

12   Katrina S. Kane, et al.,

13                   Respondents.

14

15          Petitioner Arjan Singh (A 206-088-063), who is represented by counsel, filed a

16   Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal

17   Custody (Doc. 1) and paid the $5.00 filing fee.  The Court will require an answer to the

18   Petition.

19          Petitioner is a native and citizen of India.  On October 26, 2013, Petitioner entered

20   the United States.  At the time of his entry, Petitioner asked a Department of Homeland

21   Security officer to set up an asylum interview.  On October 26, 2013, Petitioner was

22   given a reasonable fear interview and on November 5, 2013, it was determined that

23   Petitioner does not have a reasonable fear of persecution in India.  On November 7, 2013,

24   Petitioner requested review of the November 5 decision by an Immigration Judge ("IJ").

25   On November 13, 2013, the IJ affirmed the finding that Petitioner did not establish a

26   reasonable fear of persecution.   On May 22, 2014, Petitioner requested a bond

27   redetermination hearing pursuant to *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013).

28   The request for a bond redetermination hearing was denied on June 2, 2014 without

TERMPSREF

explanation.

Relying on *Rodriguez*, Petitioner argues that his detention for more than six months without a bond hearing before an IJ is unlawful. In *Rodriguez*, the Ninth Circuit concluded that after six months of mandatory detention under either § 1226(c) or § 1225(b), the statutory authority to detain an alien shifts to discretionary detention under § 1226(a) and the alien is entitled to a bond hearing before an IJ. *Rodriguez*, 715 F.3d at 1138-39, 1144. Petitioner also argues that his detention without a hearing violates the Due Process Clause. The Court will require Respondents to answer the Petition.

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) **and** to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(2)     Respondents must answer the Petition within 20 days of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(3)     Petitioner may file a reply within 30 days from the date of service of the answer.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**TERMPSREF**

- 2 -

1       (4)    This matter is referred to Magistrate Judge Bridget S. Bade pursuant to

2   Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a

3   report and recommendation.

4       Dated this 11th day of July, 2014.

5

6                                 Honorable Steven P. Logan

7                                 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28