IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arjan Singh,<br><br>     Petitioner,<br><br>v.<br><br>Katrina S. Kane, et al,<br><br>     Respondents. | No. CV-14-01354-PHX-SPL (BSB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on its own review. On June 17, 2014, Petitioner commenced this action pursuant to 28 U.S.C. § 2241 seeking release from immigration detention, or, alternatively, a bond hearing. (Doc. 1.) The Court directed Respondents to answer the petition within twenty days of service. (*Id.*) *See also* Fed. R. Civ. P. 81(a)(4) and 28 U.S.C. § 2243.

After the deadline for filing an answer had passed, Respondents requested an extension of time to file an answer. (Doc. 13.) Respondents explained that it appeared the Petition was moot because Petitioner had decided to accept his final order of removal in the underlying immigration proceedings. (*Id.* at 2.) However, because Respondents' counsel had been unable to contact Petitioner's counsel to determine the status of the proceeding, Respondents requested an extension of time to file an answer. (*Id.*) Therefore, the Court extended the deadline for Respondents to answer the Petition to November 13, 2014. (Doc. 14.)

After the November 13, 2014 deadline had passed without Respondents filing an answer, the Court ordered the parties to file, on or before December 2, 2014, a joint notice of the status of this § 2241 proceeding notifying the Court whether Petitioner intended to continue with, or voluntarily dismiss, this action. (Doc. 16.)

The parties did not file a joint status report.  However, on December 1, 2014, Petitioner filed a motion to dismiss his case.[1]  (Doc. 17.)  That same day, Respondents filed a separate status report advising the Court that they do not oppose Petitioner's motion to dismiss this action.  (Doc. 18.)

After review of Petitioner's unopposed motion to dismiss, the Court recommends that the motion to dismiss be granted.

Accordingly,

**IT IS RECOMMENED** that Petitioner's Motion to Dismiss (Doc. 17) be **GRANTED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. Rule 4(a)(1) should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of

---

[1] At the time Petitioner filed his motion to dismiss, the Court's docket reflected that Nic Boca was Petitioner's counsel.  However, Mr. Boca subsequently moved to withdraw as counsel and the Court granted that motion. (Docs. 20, 21.)  Accordingly, the Court considers Petitioner's motion to dismiss.

the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of December, 2014.

Bridget S. Bade
United States Magistrate Judge